**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**ALCOHOLIC BEVERAGE CONTROL BOARD of the District of Columbia, Respondent,**

**La Maison du Steak, Inc., t/a Le Steak, Intervenor.**

**No. 5273.**

District of Columbia Court of Appeals.

Argued July 13, 1970.

Decided Aug. 25, 1970.

Courts Oulahan, Washington, D. C., for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Steven John Fellman, Washington, D. C., for intervenor.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

The Citizens Association (petitioner) petitions from an order of the Board (respondent) granting a Class "C" liquor license to a restaurant known as Le Steak (intervenor). Its main contention is that it was an abuse of discretion to grant a new Class "C" license in Georgetown (regardless of the qualification of the applicant or the character of the premises) because it would further aggravate the problems in the area (traffic, noise, and crime) already exacerbated by the exist-

ence of some 40 other Class "C" establishments.[1]

At the hearing before the Board, Le Steak's owner testified that she and her two children live above Le Steak, which is located on M Street, N.W., in Georgetown. Five years ago she created and today still owns a very successful restaurant in New York. Le Steak in Washington is patterned after this restaurant in New York where the menu offers only a special steak, salad, and a choice of desserts. Le Steak's owner's experience in New York has been that 75 percent of her income derives from food sales. The restaurant seats 61 persons, including six at a "service bar." The kitchen is open from 5:30 p. m. to 10:30 p. m., and the restaurant closes at about 12 p. m. The cost of a meal per person, including tip, averages about $10 to $12. There is no music or entertainment. Valet parking for its customers is to be provided in the parking spaces of neighboring stores which are not open at night. Le Steak's lease is not contingent upon its being granted a liquor license and is already in operation.

The Board stated in its order that, after giving "careful consideration to the familiar and obviously sincere protests presented by area residents and [the petitioner]" and weighing the testimony of Le Steak's owner, it "concluded that Le Steak is unlikely to contribute significantly to the problems of which the Georgetowners complain." Therefore, the Board found that "[t]he premises qualify as appropriate for a Class 'C' license under the provisions of [D.C.Code 1967, § 25–115(a) (Supp. III, 1970)]."

After a thorough review of the record, we are unpersuaded that there is not substantial evidence to support the Board's finding.[2]

Affirmed.

1. See Sophia's Inc. v. ABC Bd. of District of Columbia, D.C.App., 268 A.2d 799 (decided this day), for a fuller discussion of petitioner's and area residents' complaints and opposition.

2. *See id.*