Moses E. BREWINGTON, Petitioner,

v.

DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.

No. 6029.

District of Columbia Court of Appeals.

Jan. 8, 1973.

Carleton U. Edwards, II, Silver Spring, Md., and Benjamin Greenspoon, Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, for respondent.

Before FICKLING, KERN and GAL-LAGHER, Associate Judges.

FICKLING, Associate Judge:

On February 23, 1972, this court vacated an order of the District of Columbia Board of Appeals and Review (hereinafter Appeals Board) sustaining an order of the Police and Firemen's Retirement and Relief Board (hereinafter Retirement Board) involuntarily separating petitioner from the Metropolitan Police Department pursuant to D.C.Code 1967, § 4–526, for a disability not contracted in or aggravated by the performance of duty. *See* Brewington v. District of Columbia Board of Appeals and Review, D.C.App., 287 A.2d 532 (1972) (hereinafter *Brewington I*). The case was remanded to allow the Appeals Board to comply with Section 1–1509(e) of the District of Columbia Administrative Procedure Act, D.C.Code 1967, § 1–1501 et seq.

(Supp. V, 1972). That section in relevant part provides:

Every decision and order adverse to a party to the case, rendered by . . . an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. . . .

Following our remand the Appeals Board issued Findings of Fact and Conclusions of Law.[1] After reviewing the Appeals Board's findings, we are forced once again to vacate its order for failure to comply with this court's mandate.

In remanding the case initially, we indicated that we would require more than a pro forma gesture by the Appeals Board. In *Brewington I* we cited with approval the language of Joseph v. FCC, 131 U.S. App.D.C. 207, 404 F.2d 207 (1968):

When Congress requires a finding, its instruction is not to be ignored or given only lip service. The need for articulation of findings requires the decision-making body to focus on the value to be served by its decision and to express the considerations which must be the bases of decision. . . . (Footnote omitted.) [*Id*. at 211, 404 F.2d at 211.]

We have consistently pointed out the practical reasons for requiring administra-

---

1. The Appeals Board's findings were as follows:

FINDINGS OF FACT

1. Brewington was appointed a member of the Metropolitan Police Department on October 24, 1966.

2. While a member of the Department, Brewington was hospitalized for psychiatric reasons on four occasions. These hospitalizations were not the result of the performance of police duty.

3. Brewington is not mentally fit to continue his employment as a member of the Metropolitan Police Department.

4. Brewington's disability was not caused and was not aggravated by the performance of police duty.

CONCLUSIONS OF LAW

1. Brewington is disabled for the performance of duty as a member of the Metropolitan Police Department.

2. Since his disability was neither caused nor aggravated by the performance of duty as a member of the Metropolitan Police Department, he is not entitled to be retired pursuant to Section (g)(1) or Section (g)(2) of the Police and Firemen's Retirement and Disability Act (Section 4–527(1) and (2), D.C.Code).

tive findings of fact.[2] In Allentuck v. District of Columbia Minimum Wage and Industrial Safety Board, D.C.App., 261 A. 2d 826 (1969), we stated:

> [M]eaningful review . . . requires sufficiently detailed findings of fact to enable the court to know what testimony, statements, and documents were considered relevant and persuasive . . . . Such basic findings may then be support for the ultimate facts found. Also, to the extent that agency policy or other relevant considerations are involved, findings must be made to support those determinations. [*Id.* at 833.]

More recently in Dietrich v. District of Columbia Board of Zoning Adjustment, D.C.App., 293 A.2d 470 (1972), this court, relying on *Allentuck* and Palmer v. Board of Zoning Adjustment, D.C.App., 287 A.2d 535 (1972), held:

> Generalized, conclusory, or incomplete findings are not sufficient. The findings must support the end result in a discernible manner, and the result reached must be supported by subsidiary findings of basic facts on all material issues. [*Id.* 293 A.2d at 473.]

In the instant case the findings are totally inadequate. They merely recite undisputed or "ultimate" facts and conclusions echoing the statutory language, and, as we held in *Palmer* and repeated in *Dietrich*, this is not sufficient.

The Appeals Board must make *basic* findings which are supported by substantial evidence in the record before stating ultimate facts and conclusions.[3] Even then, there must be a *demonstration* in the findings of a "rational connection between the facts found and the choice made." Burlington Truck Lines, Inc. v. United States,

371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L. Ed.2d 207 (1962). As the Supreme Court held in United States v. Chicago, M., St. P. & P. Rr., 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed 1023 (1935) : "We must know what a decision means before the duty becomes ours to say whether it is right or wrong."

Accordingly, we express no opinion on the merits of this appeal and, retaining jurisdiction, once more remand to the Appeals Board to promptly make the required findings.

It is so ordered.

---

2. *See also* National Geographic Soc'y v. District Unemployment Compensation Board, 141 U.S.App.D.C. 313, 317, 438 F.2d 154, 158 (1970) ; 2 F. Cooper, State Administrative Law 472 (1965) ; 2 K. Davis, Administrative Law § 16.07 (1958).

3. *See, e. g.,* Finding No. 4, *supra* note 1. This ultimate finding is not supported by *any* basic findings. Also, the second sentence of Finding No. 2 is similarly unsupported.