**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent,**

Specialty Restaurants, Inc., Intervenor.

No. 7446.

District of Columbia Court of Appeals.

Argued Dec. 19, 1973.

Decided March 20, 1974.

---

Christopher W. Keller, Washington, D. C., with whom Courts Oulahan, Washington, D. C., was on the brief, for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis

Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

J. E. Bindeman, Washington, D. C., with whom Leonard W. Burka, Washington, D. C., was on the brief, for intervenor.

Before PAIR, YEAGLEY and HARRIS, Associate Judges.

PAIR, Associate Judge:

Brought here for review is the record of proceedings before the District of Columbia Alcoholic Beverage Control Board (the Board) on application of Specialty Restaurants, Inc. (Specialty) for a Retailer's Class C liquor license at premises 3139 M Street, N.W. The application was protested by the Citizens Association of Georgetown (the Association)[1] and at the hearing there was testimony in opposition by three witnesses called by counsel for the Association.

The testimony in support of the application was in substance that Specialty proposed to restore and improve the old, but well-preserved, building at 3139 M Street, N.W., and maintain therein on the first floor a restaurant and on the second floor a bar and dance floor. The expectation was that patrons of the restaurant would be persons visiting, working or residing in the Georgetown area. Specialty proposed to provide valet parking for persons arriving by private automobile. The automobiles of such persons, although stopped first in an area adjacent to a public alley at the rear of the premises, would be promptly driven to and later returned from one of several nearby "Park and Shop" parking lots.

What was represented to the Board in opposition to the application was that traffic in the immediate area is congested;

---

1. We note that no official of the Association appeared at the hearing and it does not appear from the record that the Association formally adopted, at any meeting, a position in opposition to the application. In fact, counsel for the Association conceded that, although it is the policy of the Association to oppose the issuance of any liquor license in the Georgetown area, in this case it had determined only "to study the matter."

that parking throughout the Georgetown area is difficult; and that the operation of the proposed restaurant or any other commercial establishment at that location would add to the traffic and parking problems.[2]

There was conflicting testimony (1) as to whether the alley at the rear of the premises was wide enough to accommodate two cars at one time, and (2) whether in any event the valet parking plan was workable.

Upon completion of the hearing, the Board reviewed the testimony of the witnesses, considered its official file, delineated the neighborhood, determined that the applicant met the requirements of D.C. Code 1973, § 25–115(a)1–5, and determined also that the premises qualified as appropriate for the issuance of the license within the purview of D.C.Code 1973, § 25–115(a)6.[3] The Board then concluded:

Wherefore, it is the Finding of the Board . . . that premises 3139 M Street, N.W. is appropriate for the issuance of a Class "C" license and the same may issue upon compliance by the applicant with all remaining requirements of this and other appropriate municipal agencies.

Although there were sharply disputed issues of fact as to whether the premises were appropriate for the issuance of a Class C license, the Board made no specific finding respecting the availability of parking, the adequacy of the proposed valet parking service, or the impact of the proposed use upon traffic conditions in the alley at the rear of the premises and in the general area. Substantially all that appears from what the Board termed its "Summary of Hearing, Findings of Fact, and Conclusion of Law" is a detailed recitation of the testimony of witnesses and conclusionary statements of the Board's view of such testimony as establishing Specialty's entitlement to the Class C license.[4]

The District of Columbia Administrative Procedure Act (DC APA), D.C.Code 1973, § 1–1509, requires that:

(e) Every decision and order adverse to a party to the case, rendered by . . . an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. A copy of the decision and order and accompanying findings and conclusions shall be given by the . . . agency, . . . to each party or to his attorney of record.

In Dietrich v. District of Columbia Bd. of Zoning Adjust., D.C.App., 293 A.2d 470, 473 (1972), we admonished that:

Generalized, conclusory, or incomplete findings are not sufficient. The findings

---

2. Premises 3139 M Street is in a commercial area zone C–2.

3. D.C.Code 1973, § 25–115.
   (a) . . . Before a license is issued the Board shall satisfy itself:

   .    .    .    .    .

   (6) That the place for which the license is to be issued is an appropriate one considering the character of the premises, its surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is desired.

4. What is said in 2 F. Cooper, State Administrative Law 478 (1965), seems particularly appropriate in this case:
   Sometimes, apparently seeking to avoid the hard work and the necessity of disciplined weighing of the testimony that is required in making definite findings on all the relevant basic facts, an agency merely summarizes the testimony of all the witnesses, and then (implying that the testimony in ways not particularized supports its conclusions) sets forth the ultimate conclusions of fact and law in statutory language. The courts agree that this is not a sufficient compliance with the mandate to make findings of fact. [Footnote omitted.]

must support the end result in a discernible manner, and the result reached must be supported by subsidiary findings of basic facts on all material issues. In short, as we have said before, there must be findings on each material fact with full reasons given to support each finding. . . . [Citation omitted.]

*See also* Brewington v. District of Columbia Bd. of App. & Rev., D.C.App., 299 A. 2d 145 (1973); Woodridge Nursery School v. Jessup, D.C.App., 269 A.2d 199, 202 (1970).

The findings of fact in the instant case are so woefully inadequate that we are frustrated in any attempt at meaningful review. Accordingly, reserving any opinion on the merits of the matters in controversy, we remand the record to the Board for the preparation of findings of fact and conclusions of law consistent with the requirements of DC APA, *supra*.

So ordered.