**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent,**

**Specialty Restaurants, Inc., Intervenor.**

**No. 7446.**

District of Columbia Court of Appeals.

Aug. 13, 1974.

Courts Oulahan and Christopher W. Keller, Washington, D. C., were on the memorandum for petitioner.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., were on the memorandum for respondent.

J. E. Bindeman and Leonard W. Burka, Washington, D. C., were on the memorandum for intervenor.

Before YEAGLEY and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired, in chambers.

PAIR, Associate Judge, Retired:

Brought into question when we first considered this case, Citizens Ass'n v. District of Columbia Alc. Bev. C. Bd., D.C. App., 316 A.2d 865 (1974), were findings of fact and conclusions of law upon which the District of Columbia Alcoholic Beverage Control Board (the Board) based its decision to issue, over the protest of the Citizens Association of Georgetown (the Association), a Retailer's Class C liquor license for premises 3139 M Street, N. W. The specific complaint was that the findings and conclusions did not meet the requirements of the D.C. APA (D.C.Code 1973, § 1–1509(e) ).

After review of the administrative record and upon consideration of the briefs and argument of counsel, we were impressed that meaningful review could not be accomplished because:

Although there were sharply disputed issues of fact as to whether the premises were appropriate for the issuance of a Class C license, the Board made no specific finding respecting the availability of parking, the adequacy of the proposed valet parking service, or the impact of the proposed use upon traffic conditions in the alley at the rear of the premises and in the general area. . . .

Reserving any decision on the merits, we therefore remanded the record to the

Board [1] with directions to make and certify to this court findings of fact and conclusions of law consistent with the requirements of the D.C. APA (D.C.Code 1973, §§ 1–1509, 1–1510).

In compliance with our mandate the Board, on May 1, 1974, made and entered findings of fact and conclusions of law as predicates for its decision that the premises are appropriate for the issuance of a Retailer's Class C liquor license. On May 6, 1974, the Board certified to this court a supplemental record consisting of such findings and conclusions and the order based thereon.

This court then, sua sponte, ordered that petitioner file—within ten days—any memorandum it deemed appropriate, addressed to the sufficiency of the Board's supplemental findings and conclusions. The respondent and the intervenor were, of course, given a like period to respond. Memoranda having been filed, we proceed to the disposition of the merits of this controversy.

For the purposes of our concern, the supplemental record certified by the Board reads in pertinent part:

### FINDINGS OF FACT

.    .    .    .    .    .

18. Applicant's building is located in an area zoned C–2–A.

19. Applicant's premises faces south on to M Street, which street runs in an east-west direction. Wisconsin Avenue —which runs in a north-south direction —is to the west of the premises; and, 31st Street—which also runs in a north-south direction—is to the east of the premises. There is an alley immediately to the rear of the premises which runs in an east-west direction. On the north side of this alley is a Dogget Enterprise Parking Lot. There is also an alley situated between 31st Street and the prem-

ises which alley runs in a north-south direction to the alley running east-west.

.    .    .    .    .    .

27. A nearby parking lot will accommodate 75 cars; and, within several blocks of the premises are parking lots with additional parking capacity of 402 spaces. Thus, sufficient off-street parking facilities are available to serve Applicant's patrons.

28. The number of valet parkers available—at any given time—will be based on the volume demand. One valet parker will be available at all times. Adequate valet service for parking will be available. Patrons may also park their own automobiles on these parking lots free of charge.

.    .    .    .    .    .

30. There is insufficient evidence that the issuance of said license would— in and of itself—cause an increase in the trash and litter presently found in the area.

### CONCLUSIONS OF LAW

.    .    .    .    .    .

3. Applicant meets the requirements of Section 14(a)4 and 5 of the Act, as more fully set forth in FINDINGS NUMBERS 12 through 15.

.    .    .    .    .    .

5. The premises qualify as appropriate for the issuance of a Retailer's Class "C" license under Section 14(a)6 of the Act, as more fully set forth in FINDINGS NUMBERS 18 through 32.

### ORDER

The Board reaffirms its Order of May 17, 1973, namely that the premises 3139 M Street, N. W. is appropriate for the issuance of the license desired and the same may issue upon compliance by the applicant with all remaining requirements of this and other appropriate municipal agencies.

1. Citizens Ass'n v. District of Columbia Alc. Bev. C. Bd., *supra* at 867.

Upon consideration of all of the foregoing, we are satisfied that the Board's May 1, 1974 findings of fact and conclusions of law are supported by substantial evidence in the whole of the administrative record. Under the circumstances we may not substitute our judgment. D.C.Code 1973, § 1–1510; Citizens Ass'n v. District of Columbia Alc. Bev. C. Bd., D.C.App., 280 A.2d 309, 311 (1971).

Order affirmed.