Green MILLER, Jr., Petitioner,

v.

**DISTRICT OF COLUMBIA COMMISSION ON HUMAN RIGHTS, Respondent,**

Poretsky Management, Inc., et al., Intervenors.

**PORETSKY MANAGEMENT, INC., et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA COMMISSION ON HUMAN RIGHTS, Respondent,**

Green Miller, Jr., Intervenor.

**Nos. 7393, 7412.**

District of Columbia Court of Appeals.

Argued March 27, 1974.

Decided April 4, 1975.

---

Allen R. Snyder, Washington, D. C., with whom Robert R. Bruce and John M. Ferren, Washington, D. C., were on the brief, for Green Miller, Jr.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Charles R. Donnenfeld, Washington, D. C., for Poretsky Management, Inc., and others.

Before KELLY, PAIR * and YEA-GLEY, *Associate Judges.*

KELLY, *Associate Judge:*

.We here consider consolidated appeals from an administrative proceeding concerning an allegedly discriminatory eviction of a tenant by a landlord.

In No. 7393 petitioner Green Miller, Jr. seeks review of an amended decision and order of the District of Columbia Commission on Human Rights dismissing his complaint under Article 45 of the District of Columbia Police Regulations of retaliatory eviction. Miller contends (1) that the Commission's findings of fact are invalid because they do not meet the minimum standards of the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code 1973, § 1–1509(e) ; [1]

---

\* Retired as of April 14, 1974.

[1]. D.C.Code 1973, § 1–1509(e) :
Every decision and order adverse to a party to the case, rendered by the Commissioner or Council or an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. . . .
In addition, D.C.Pol.Regs., Art. 45, § 9(e), which the D.C. Commission on Human Rights was obligated at that time to follow, stated:
If at the conclusion of the hearing, the Council shall determine upon the preponder-

(2) that the Commission's findings of fact are invalid because contradictory; (3) that the Commission erred in interpreting D.C. Pol.Regs., Art. 45, § 3(f),[2] by not regarding a finding of broad discriminatory practices as establishing a presumption of retaliatory intent; and (4) that the Commission erred in interpreting Art. 45, § 3(f) as precluding a showing of unlawful retaliation by a landlord where the tenant's complaint of racially discriminatory conduct was filed following his receipt of the eviction notice. The respondent Commission's findings of fact and conclusions of law measure up to the requirements of the DCAPA; (2) that the Commission has not misinterpreted Art. 45, § 3(f) by requiring that the complaint be filed before a notice of eviction is received; and (3) that the findings of the Commission that the management had discriminated against blacks with regard to services and that it had not unlawfully retaliated against Mr. Miller are not irreconcilably contradictory. Poretsky Management, Inc., respondent in the Commission hearing and intervenor in this action, claims only that the Commission's finding of "no retaliation" was amply supported by the evidence and by the fact that Miller was not engaged in protected activity under Article 45.

In No. 7412 Poretsky Management, Inc. asks for review of the same order of the Commission on Human Rights. Poretsky objects to the finding of the Commission

that "[it] did and continue[s] to discriminate against blacks by the reduction and alteration of services as the racial composition of the building changed . . ." on the grounds that it was beyond the scope of the proceedings and unsupported by the evidence. The Commission, again the respondent, contends that Poretsky has no standing to challenge the decision of the Commission as it was not adversely affected by it and that the issue of "systemic" discrimination on the part of Poretsky was properly before the Commission in that it bore on whether the eviction was improperly motivated. Miller, as intervenor in this action, supports the Commission's contention that the issue of discrimination was properly before it as bearing on retaliatory intent and asks that the finding of discrimination be affirmed.

We agree with the contention of petitioner Miller that the Commission's findings of fact are insufficient under § 1–1509 (e) of the Code and again remand the case to the Commission for the preparation of findings of fact consistent with the requirements of the statute.

I

A summary of the history of this action will serve to put the instant proceeding in perspective. Miller, a resident in the Crestwood Apartments, was served with an eviction notice on July 29, 1972, following a series of incidents, the last of which was

---

ance of the testimony and evidence, that the person complained against has not violated this Article, the Council shall state its findings and issue its order dismissing the complaint.

2. D.C.Pol.Reg. Art. 45 was repealed November 17, 1973 without effect on this action (20 D.C.Reg. 345 (1973)) and substantially reenacted as Title 34, District of Columbia Rules and Regulations, Section 13. D.C.Pol.Reg. Art. 45, § 3:

Except as otherwise provided herein, it shall be a violation of this Article for any person to do any of the following because of the race, color, religion or national origin of any individual, or because of any reason

that would not have been asserted but for the race, color, religion or national origin of any individual.

\* \* \* \* \*

(d) Refuse or restrict facilities, services, repairs or improvements for a tenant or lessee;

\* \* \* \* \*

(f) Directly or indirectly, (1) . . . retaliate against any person because such person has lawfully opposed any act or failure to act that is a violation of this Article or has, in good faith, filed a complaint, testified, participated or assisted in any way in any proceeding under this Article. . . .

a threat of physical violence by Miller against the resident manager when asked not to barbecue on the roof. The eviction notice led to the filing of an administrative complaint by the Housing Opportunities Council of Metropolitan Washington, Inc. on Miller's behalf. The complaint was filed on August 10, 1972 with the Department of Housing and Urban Development under the Fair Housing Act of 1968, Section 810 of the Civil Rights Act of 1968, 42 U.S.C. § 3610 (1970). It charged Crestwood Apartments, Poretsky Management, Inc., and Mr. Isadore Rosenthal, the resident manager, with discriminatory retaliation in attempting to evict Mr. Miller. Under Section 3610(c), the complaint was referred to the D.C. Commission on Human Rights for processing under Art. 45 of the D.C.Pol. Regs.. Miller perfected his complaint with the D.C. Office of Human Rights on September 7, 1972.

On or about September 1, 1972 Miller and the Housing Opportunities Council of Metropolitan Washington, Inc. filed a complaint, C.A.No.1772–72, in the United States District Court for the District of Columbia against Poretsky and others for a declaratory judgment, injunctive relief, and damages in the amount of $120,000.00.

The eviction proceeding, Crestwood Co. v. Green Miller, Jr., Superior Court of the District of Columbia L&T No. L–82700–72, went to trial September 10, 1973 and judgment for Crestwood was entered September 18 after the trial judge found

that the eviction had not been impermissibly retaliatory. Miller appealed the judgment. On May 29, 1974 this court granted his motion for summary reversal and remanded the case to the trial court to permit a trial by jury as mandated by Pernell v. Southall Realty, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

On January 11, 1973 the D.C. Commission on Human Rights made a finding of probable cause with respect to Mr. Miller's administrative complaint and set the matter down for hearing. After a lengthy administrative hearing the Commission, by order of May 4, 1973, concluded that the attempted eviction of Mr. Miller had not been retaliatory. The Commission made no specific findings of fact in its order.

After both parties had filed petitions for review, the Commission requested leave of the court through the Corporation Counsel to make further findings of fact. The cause was remanded by this court for that purpose on July 23, 1973. On August 14, 1973 the Commission submitted an amended decision and order which is the matter at issue here.

II

■ The Commission's amended order of August 14, 1973 does not meet the statutory standard of the DCAPA as it does not contain " . . . findings of fact [consisting] of a concise statement of the conclusions upon each contested issue of fact. . . . " D.C.Code 1973, § 1–1509(e).[3] First, the statute requires

3. The Commission's findings of fact consisted of the following:

Green Miller, Jr., filed his complaint with the D.C. Office of Human Rights on September 7, 1972, alleging that Respondents were attempting to evict him from his apartment at the Crestwood Apartments, 3900 16th Street, N.W., Washington, D.C., and had harrassed [sic] him continually since he began occupancy in the building in July of 1969. Mr. Miller alleged that Respondent's conduct toward him was retaliation against him because he had sought the assistance of the Office of Human

Rights in getting an apartment in the building originally and because he had invoked the assistance of the Office of Human Rights, the D.C. Housing Division and the Courts in securing services denied to him by the Respondent.

Respondents' evidence indicated that the Complainant violated various rules of the Crestwood and confronted its employees in a threatening manner on more than one occasion.

We find that Respondents' reasons for evicting the Complainant were adequate in view of the Complainant's failure. to prove

on its face that each contested issue be dealt with. The Commission left untouched the many disputed instances of harassment and discrimination. (We realize, of course, that in a case such as this where so many incidents are in dispute, it is inevitable and even desirable that only the more substantial be included in a final written order.) Second, the findings set forth in the Order do not include any of the kind required by the DCAPA and the cases to legitimate administrative proceedings; *viz.,* findings of basic facts, the essential facts on which the decision rests. The Commission must show on what it relied in reaching its decision. (*See* 2 K. Davis, Administrative Law § 16.06 (1958).) Thus, for example, a finding of Poretsky's reasons for evicting Miller is critical.[4] The statements in the Commission's "Findings of Fact and Conclusions of Law" that "[w]e find that Respondents' reasons for evicting the Complainant were adequate . . ." and "[w]e find that Complainant's opposition to rules and policies of the management, unconnected with possible violations of Article 45, was the cause of Respondent's eviction efforts" are general and conclusory. They do not reveal what facts emerged as important to the Commission as it heard and reviewed the testimony and then compelled it to decide the case the way it did. As we

stated in Brewington v. District of Columbia Bd. of App. & Rev., D.C.App., 287 A.2d 532, 534 (1972), ". . . we will continue to order that administrative agencies specify the precise findings and conclusions which support their decisions . . . ." And in the second remand of the same case, Brewington v. District of Columbia Bd. of App. & Rev., D.C.App., 299 A.2d 145, 147 (1973), the court stated: "The Appeals Board must make *basic* findings which are supported by substantial evidence in the record before stating ultimate facts and conclusions." (Emphasis in original; footnote omitted.)

 Such findings are necessary for a number of reasons. Among these is the finding that the contesting parties have the right to be informed of the facts relied upon by the Commission in deciding the case. Aquino v. Knox, D.C.Mun.App., 60 A.2d 237, 240 (1948). Another is the prevention of arbitrary action on the part of the Commission. Sibert v. Ellis, D.C. Mun.App., 108 A.2d 541, 542 n. 1 (1954). Findings of fact are also necessary as a basis for review by this court which must ascertain whether the findings are sustained by substantial evidence on the whole record and then whether the findings in turn support the ultimate conclusions[5] reached. National Geographic Soc. v. Dis-

---

that the attempted eviction was motivated by a desire to retaliate against him because he had lawfully opposed an act or failure to act that is a violation of Article 45 of the D.C. Police Regulations, or because he had filed a complaint or participated in any proceeding under Article 45.

We find that the Complainant did not file a complaint prior to the instant attempt at eviction.

We find that Complainant's opposition to rules and policies of the management, unconnected with possible violations of Article 45, was the cause of Respondent's eviction efforts.

At the hearing, the Complainant also argued and submitted evidence that services to residents had been reduced and altered as the number of black tenants in the building increased over the years, and that the Respondent had failed to deal sensitively and

responsibly with the problems and frustrations of black tenants.

Although not determinative of the Complainant's case, we find that such evidence as was presented on the above issues was persuasive and should be so noted. (R. at 269–71; Amended Order at 3–5.)

4. Other basic findings that suggest themselves are whether or not the eviction was based on the filing of a complaint or participation in Commission proceedings by Mr. Miller, and whether or not the eviction was based on opposition by Miller to a violation of D.C.Pol. Regs., Art. 45, by Poretsky.

5. By ultimate conclusions we mean the conclusions of law or the final decisions. These are sometimes referred to as "ultimate facts". 2 K. Davis, Administrative Law § 16.06 (1958).

·trict Unemp. Comp. Bd., 141 U.S.App.D.C. 313, 317, 319, 438 F.2d 154, 158, 160 (1970) and Brewington v. District of Columbia Bd. of App & Rev., 299 A.2d, *supra* at 146–47. Where findings are inadequate, " . . . we are frustrated in any attempt at meaningful review." Citizens Ass'n v. District of Columbia Alc. Bev. C. Bd., D.C. App., 316 A.2d 865, 867, aff'd, D.C.App., 323 A.2d 715 (1974).

Finally, the contention of the Commission through the Corporation Counsel that its findings are specific enough to measure up to the requirements of D.C. Code 1973, § 1–1509(e) because when read " . . . together with the relevant testimony adduced at the hearing, there can be no doubt about the basis of the Commission's ruling" (No. 7393, Respondent's Brief at 4) is erroneous as a matter of law. It is incumbent upon the Commission to exercise its judgment with regard to the facts before it. As stated in Saginaw Broadcasting Co. v. Federal Communications Com'n, 68 App.D.C. 282, 291, 96 F.2d 554, 563, cert. denied, Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938):

> Even though there may be evidence in the record—upon this we do not pass— from which the Commission [the F.C.C.] might have concluded that the intervenors would receive adequate commercial support . . . this does not excuse the Commission from its duty of making a finding as the result of its consideration of that evidence. . . .

It is the function of the Commission to weigh the evidence presented and to consider it, and that function cannot be performed by this court for the first time on review.

The case is remanded to the D.C. Commission on Human Rights to permit the Commission to make findings of fact in accordance with the principles set forth above and with the additional direction that the Commission's findings be confined to the subject matter of the complaint.

So Ordered.