**Green MILLER, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA COMMISSION ON HUMAN RIGHTS, Respondent.**

**No. 9683.**

District of Columbia Court of Appeals.

Argued Jan. 29, 1976.

Decided Feb. 24, 1976.

---

Green Miller, Jr., pro se.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This is a petition for review of an administrative determination in favor of the landlord in a claim brought by a tenant charging retaliatory and racially prejudiced eviction. The challenged order was remanded [1] by this court last year to the District of Columbia Commission on Human Rights with a direction that the agency make findings of fact consistent with D.C.Code 1973, § 1–1509(e).[2] In this appeal, petitioner challenges the adequacy of the findings and the sufficiency of the supporting evidence.

Petitioner Green Miller, Jr., was a tenant of the Crestwood Apartments at 3900 16th Street, N.W., from July 1969 until September 1972. Miller's relationship with the management of Crestwood was acrimonious from the start, with numerous heated altercations over such matters as parking, repairs to his apartment, and disturbing noise emanating from such apartment. On three occasions, management attempted to terminate Miller's tenancy and on each such occasion, Miller filed a charge with the Commission. The first at-

1. *Miller v. District of Columbia Comm'n on Human Rights*, D.C.App., 339 A.2d 715 (1975).

2. D.C.Code 1973, § 1–1509(e), provides:
   Every decision and order adverse to a party to the case, rendered by the Commissioner or Council or an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. A copy of the decision and order and accompanying findings and conclusions shall be given by the Commissioner or Council or the agency, as the case may be, to each party or to his attorney of record. . . .

tempt occurred in late 1969 and was precipitated by Miller's allegedly assaulting a desk clerk—a black man—who had advised Miller to turn off a record player in his apartment after his neighbors had complained about the noise disturbing them late at night. In a subsequent summary possession proceeding, a jury returned a verdict against the landlord. In September of 1971, the Crestwood again sought to evict Miller, this time for nonpayment of rent. When Miller paid the rent due, Crestwood revoked the notice to quit.

The most recent eviction notice, and the one giving rise to the present agency complaint, was served on Miller on July 29, 1972. The landlord's grounds were that the tenant had threatened the building manager with physical violence when the latter warned Miller against holding a barbecue on the roof of the building—an activity not permitted by the house rules.

Each time a notice to quit was served on him, Miller filed a complaint with the District of Columbia Commission on Human Rights charging the management of the Crestwood with racial discrimination and attempting also to retaliate because he sought redress from the Commission. Management's response in each case was that their actions were based solely on the tenant's behavior and were in no way motivated by considerations of race or resort to administrative remedies.

The first two complaints filed by Miller were closed administratively by the Commission without a hearing. The third complaint resulted in several days of hearings with extensive testimony by witnesses from both sides. The Commission decided in favor of the landlord and, after remand, has certified to us new findings of fact and conclusions of law.

The revised decision now before the court includes findings regarding at least three incidents in which it was held that Miller threatened physical violence to agents or employees of the Crestwood. The findings are also replete with details

with respect to every significant controversy between the management and Miller during the course of his tenancy at the Crestwood. The new findings do more than merely summarize the evidence or recite statutory language. It is apparent that the Commission has made a conscientious effort to substantiate its conclusions in compliance with the requirements of D.C. Code 1973, § 1–1509(e), *supra*. See *Citizens Ass'n of Georgetown, Inc. v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 323 A.2d 715 (1974).

■ Petitioner contends that the evidence in the record is not sufficient to support the findings and conclusions by the Commission. We cannot agree, for there is ample testimony to support findings that on different occasions, the tenant made threats of violence to the resident manager and his wife. Even if there were evidence to support only one of these findings, the eviction notice would have been fully justified.

The Commission's conclusions, which we affirm, state in part:

. . . we have focused on the incidents involving threats of physical violence and assaults, because it is this conduct which the Crestwood management has stated prompted the July 29, 1972, notice to vacate. In our view, the threat of physical violence directed against Mr. Rosenthal by Mr. Miller on July 5, 1972, in and of itself, sufficiently justified the July 29, 1972 notice to vacate. The verbal threats and assaultive conduct engaged in by Mr. Miller prior to and subsequent to the threat of July 5, 1972 are indicative of the fact that Mr. Miller is a person with an explosive temper and an aggressive, assaultive personality.

It is true that in the earlier opinion of the Commission—issued prior to this court's remand—the Crestwood management was found to have engaged in discrimination by reducing services after the racial composition of the building had

changed. Such discrimination, of course, did not license any of the tenants, black or white, to engage in the kind of activity found to have been practiced by petitioner Miller. We conclude, therefore, that the agency's findings, supported as they are by substantial evidence in the record, must stand. *See Sophia's, Inc. v. Alcoholic Beverage Control Board*, D.C.App., 268 A.2d 799 (1970).

*Affirmed.*