**LE JIMMY, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.**

**James F. Haight, et al., Intervenors.**

**No. 80–1003.**

District of Columbia Court of Appeals.

Argued March 11, 1981.

Decided July 22, 1981.

Nelson Deckelbaum, Washington, D.C., for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, and Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., for respondent.

Courts Oulahan, Washington, D.C., for intervenors.

Before KELLY, KERN and NEBEKER, Associate Judges.

KELLY, Associate Judge:

This is an appeal from the denial by the Alcoholic Beverage Control Board of an application for a class "C" retailer's license. We reverse on the ground the Board's findings in support of its decision were not supported by substantial evidence.

### I

On August 6, 1979, petitioner applied to the ABC Board for a class "C" retailer's license for a 50–seat restaurant already in operation at 3116 M Street, N.W. Petitions in support of and in opposition to the application were filed with the Board. On October 3, 1979, a hearing was held at which the only individuals who testified were petitioner's president, Jean-Paul Sam Amsellem, and James Haight, the president of a corporation holding a class "C" license at 3104 M Street, N.W., and intervenor in this proceeding. On January 30, 1980, the Board rendered a decision in which it found that issuance of the license sought would have an adverse impact on existing traffic and parking problems. Based on that finding, the Board concluded the subject premises were "not appropriate"[1] and therefore, petitioner's application was denied. On February 15, 1980, petitioner sought reconsideration or the opportunity for reargument before the Board. The request was granted on April 21, 1980, and a hearing was set for May 28, 1980. Following that hearing, on August 14, 1980, the Board reaffirmed its decision of January 30, 1980. Petitioner then sought review in this court. On October 23, 1980, at the request of the Board, we remanded the record for a period of 20 days to permit the Board to "make appropriate findings of fact and conclusions of law." On November 12, 1980, the Board amended finding No. 29 of its January 30, 1980 decision, and the case was returned to this court.

After reviewing the entire record, and especially the Board's amended finding No. 29, we are not persuaded the Board's conclusion follows rationally from adequate findings based on substantial evidence. Therefore, we must vacate the decision de-

---

1. D.C. Code 1973, § 25–115(a)(6) provides that before a license is issued the Board must satisfy itself:

 That the place for which the license is to be issued is an appropriate one considering the character of the premises, its surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is desired.

nying the application. However, the Board and not this court, is the body vested with the authority to issue the license, and we are reluctant to intrude upon the prerogatives of an administrative agency by ordering specific, affirmative relief, absent a showing of arbitrary and capricious conduct in the decision making process. *See Jameson's Liquors, Inc. v. District of Columbia Alcoholic Beverage Control Board*, D.C. App., 384 A.2d 412, 420 (1978). Therefore, we refrain at this time from mandating that the Board grant petitioner the license. We order only that in a further proceeding the Board consider the merits of petitioner's application based on the evidence presented.

## II

 In reviewing decisions of the Alcoholic Beverage Control Board, this *court's* role is not to substitute its own judgment for that of the Board, *Clark's Liquors, Inc. v. Alcoholic Beverage Control Board*, D.C. App., 274 A.2d 414, 418 (1971); rather, our task is to determine if the Board has complied with the Code provisions pertaining to alcoholic beverages, D.C. Code 1973, § 25–101 *et seq.*, and the requirements of the District of Columbia Administrative Procedures Act, D.C. Code 1973, § 1–1501 *et seq.* The narrower issue in this case is whether there is substantial evidence supporting the Board's finding[2] that traffic and parking problems in the neighborhood would be exacerbated if petitioner's application was approved. *Vestry of Grace Parish v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 366 A.2d 1110, 1115 (1976); *Citizens Association of Georgetown, Inc. v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 316 A.2d 865 (1974); D.C. Code 1977 Supp., § 1–1510(3)(E). Substantial evidence means,

more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

2. Finding No. 29 originally read as follows:
 There was sufficient evidence presented at the hearing which established the existence of parking and traffic problems in the area. Although Applicant has provided twelve (12) parking spaces for employees, it has not made any parking arrangements for customers. The Board files indicate that there are only five (5) metered parking spaces in the block in which the proposed premises is located. The Board files also indicate that there are two (2) commercial parking lots located within two (2) blocks of the proposed premises.
 The Board finds sufficient evidence to support Protestant's contention that the issuance of this license will have an adverse impact on existing parking and traffic problems.
 After remand, the Board embellished its finding:
 Traffic problems are a legitimate concern of this Board.
 There was sufficient testimony presented at the hearing which established the existence of parking and traffic problems in the area.
 The Board notes the testimony that it takes police longer to respond to emergencies and that new office buildings are reducing the number of parking spaces in the area. There are five (5) metered parking spaces in the block in which Applicant's premises is located. (See Investigator's Report in Board files). Also, two (2) commercial parking lots are located within two blocks of the proposed

premises. (See Investigator's Report in Board files). The proposed premises has an occupancy of fifty (50) persons. (See Certificate of Occupancy). The business for which the license is desired has been in operation for two (2) months prior to the hearing on the initial application. The Applicant has provided twelve (12) parking spaces for employees but has not provided any parking spaces for customers.
 Issuance of the desired license will expand Applicant's clientele to include persons seeking more than the food and ice cream presently provided. The Applicant, however, has not presented sufficient evidence to rebut the inference that the issuance of this license will not exacerbate or have an adverse impact on the existing traffic and parking problems in the area. In that regard, the Board does not find that the presence of two parking lots can alleviate the parking problems created by the number of establishments in the area in addition to the customers which will be attracted by the desired license.
 After considering the seating capacity of the establishment, present traffic conditions in the area, Applicant's failure to provide parking for customers and Applicant's failure to show that issuance of the desired license will not exacerbate traffic congestion in the area, the Board finds traffic and parking problems in the area will be adversely affected by issuance of this license.

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938), quoted in *Vestry of Grace Parish v. District of Columbia Alcoholic Beverage Control Board, supra*, 366 A.2d at 1112.

■ The substantial evidence requirement is met with a minimal amount of evidence, given our deference to the Board's informed judgment and special competence in the matters before it. *Sophia's Incorporated v. Alcoholic Beverage Control Board*, D.C.App., 268 A.2d 799, 801 (1970). Nonetheless, the record of this proceeding is devoid of evidence that petitioner's restaurant, which was already in operation, would be the source of an increase in Georgetown's traffic and parking problems if permitted to serve liquor.

■ The gravamen of the opposition's complaint was that a serious parking problem exists in Georgetown, in large part caused by the presence of too many alcoholic beverage licensees. However, that was not the issue before the Board, as the Board itself recognized in finding No. 28, which stated the contention that there were too many licenses in the area was more appropriately addressed to the City Council. Petitioner is not required to prove there is no parking problem in Georgetown in order to qualify for a license. That would be an impossible burden. The Board is permitted to consider the effect a prospective licensee will have on parking problems and traffic patterns, *see, e. g., Citizens Association of Georgetown, Inc. v. District of Columbia Alcoholic Beverage Control Board*, D.C. App., 410 A.2d 197 (1979); *Citizens Association of Georgetown, Inc. v. Alcoholic Beverage Control Board*, D.C.App., 268 A.2d 801 (1970), and, whenever a license is requested for a location in Georgetown, it is an obvious concern. However, every location is unique, and the Board must evaluate each application according to the particular circumstances involved. *Sophia's Incorporated v. Alcoholic Beverage Control Board, supra* 268 A.2d at 801. In this case, petitioner was already operating a 50-seat restaurant serving ice cream, sandwiches, omelettes, salads and two daily specials. There

was no entertainment and no separate bar area. The hours of operation were to be from 11:00 a. m. to 3:00 a. m. Petitioner's president testified there were 12 parking spaces provided for employees. He also stated that, based on his knowledge of the area (he operates another restaurant in the same block of M Street), people in Georgetown walk to their destinations. *See Citizens Association of Georgetown v. District of Columbia Alcoholic Beverage Control Board, supra*, 410 A.2d at 201. During reargument petitioner presented evidence of a significant number of parking spaces in the neighborhood, including two commercial lots within two blocks of the subject premises. The evidence presented by those opposing the application consisted simply of general comments to the effect there is a parking problem in Georgetown due to the presence of too many bars and restaurants, and that response time for fire and police assistance has increased in recent years.

■ We are not persuaded there was substantial evidence in the record to support the Board's finding that, if the license were granted, there would be an increase in automobile traffic from those persons patronizing petitioner's relatively small restaurant which would exacerbate the congestion on the streets of Georgetown. Accordingly, the Board's order must be vacated.

*So ordered.*